IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**vs.**                                                                     **NO. CR-03-1844 JP**

**JAIME HERNANDEZ-RAMIREZ,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

On December 16, 2003, Defendant filed an Objection to Venue in the District of New Mexico (Doc. No. 16). The Government filed its Response (Doc. No. 17) on December 19, 2003. On January 21, 2004, the Court held a non-jury trial. During the trial, the Court heard the testimony of witnesses and oral arguments regarding Defendant's objection to venue in the District of New Mexico. In response to the Court's request for additional briefing on the issue of venue, on February 18, 2004, Defendant filed a Motion to Dismiss for Want of Venue (Doc. No. 31). Having fully considered the evidence, the parties' oral arguments, the briefs, and the relevant case law, the Court finds that Defendant's Objection to Venue in the District of New Mexico should be OVERRULED, and Defendant's Motion to Dismiss for Want of Venue should be DENIED.

I.  BACKGROUND

Defendant Jaime Hernandez-Ramirez is a citizen and national of the Republic of Mexico. Tr. at 7; Plf. Ex. 1.  On June 24, 1999, an Immigration Judge determined that Defendant had illegally entered the United States, and consequently issued a Warrant of Deportation ordering Defendant to be deported to Mexico.[1]  Tr. at 15-16; Plf. Ex. 2, 3.  Defendant was deported on June 25, 1999.  Tr. at 17; Plf. Ex. 5.  On or about August 18, 1999, Defendant illegally reentered the United States near Fort Hancock, Texas, and was apprehended by Border Patrol authorities. Tr. at 18; Plf. Ex. 6.  On August 20, 1999, Defendant pled guilty in the Western District of Texas to being an alien and illegally entering the United States, and was sentenced to three years probation.  Tr. at 24; Def. Ex. 3.  That same day, the prior Warrant of Deportation against Defendant was reinstated, and Defendant was issued an official Warning that he was prohibited from entering, attempting to enter, or being in the United States for a period of twenty years.  Tr. at 19; Plf. Ex. 7, 8.  On September 9, 1999, Defendant again was deported to Mexico.  Tr. at 20; Plf. Ex. 9.

At some point between September 9, 1999 and January 2, 2000, Defendant once again reentered the United States.  On January 2, 2000, Defendant was arrested in the Western District of Texas on charges of possession and distribution of a controlled substance.  Def. Ex. 1. Defendant pled guilty to one count of possession of a controlled substance with intent to distribute and was sentenced to 41 months imprisonment.  Def. Ex. 2.  While Defendant was being prosecuted in the Western District of Texas, the Immigration and Naturalization Service

---

[1] The June 24, 1999 Warrant of Deportation was issued against Jaime Riveras-Hernandez, which is an alias used by Defendant.  Tr. at 16.

("INS") discovered that Defendant had reentered the United States after having been deported, and consequently placed an INS detainer on Defendant.[2] Tr. at 22; Def. Ex. 1. Yet, despite the INS detainer, INS authorities did not reinstate the prior Warrant of Deportation against Defendant. Tr. at 27; Def. Ex. 1. Moreover, there is no evidence that Defendant again was deported to Mexico after completing his 41-month prison sentence. Tr. at 9, 24.

On June 10, 2003, Defendant attempted to pass through a Border Patrol checkpoint near Alamogordo, New Mexico, located in the District of New Mexico. Tr. at 5-6. After questioning Defendant about his citizenship status and processing Defendant's fingerprints, Border Patrol agents at the checkpoint determined that Defendant was a citizen of Mexico, and discovered that Defendant previously had been deported. Tr. at 7, 12. After Border Patrol agents confronted Defendant with this information, Defendant admitted in a sworn statement that he previously had been deported, and that he had crossed from Juarez, Mexico into the United States near the town of Tornillo, Texas, on June 9, 2003. Tr. at 7-13; Plf. Ex. 12. On June 19, 2003, the INS determined that there was no evidence that Defendant had received permission to reenter the United States after having been deported. Tr. at 20; Plf. Ex. 10.

Defendant was charged in the District of New Mexico with one count of illegal reentry subsequent to a deportation. Defendant now moves to dismiss the indictment on the ground that venue is improper in the District of New Mexico.

## II. DISCUSSION

Defendant is charged with being unlawfully "found in" Otero County in the State and

---

[2] According to Border Patrol Agent Richard Holmes, the INS places a detainer on a defendant being held in custody if the INS determines that the defendant has entered the country illegally. Tr. at 21-23.

District of New Mexico, after previously having been deported from the United States, in violation of 8 U.S.C. § 1326(a)(1) and (2). See Second Superseding Indictment (Doc. No. 23). Section 1326(a) prohibits the re-entry of "any alien who . . . has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding" without the express consent of the United States Attorney General. See 8 U.S.C. § 1326(a)(1). A previously deported alien can violate Section 1326 in one of three ways: 1) the alien attempts to enter the United States; 2) the alien enters the United States; or 3) the alien is at any time found in the United States. See United States v. Bencomo-Castillo, 176 F.3d 1300, 1303 (10th Cir. 1999); 8 U.S.C. § 1326(a)(2).

Defendant is charged with the third type of violation under Section 1326, the offense of being "found in" the United States. The Tenth Circuit has stated that the term "found in" for purposes of Section 1326 is synonymous with "discovered in." Bencomo-Castillo, 176 F.3d at 1303. Accordingly, while a "found in" offense begins at the time that a previously deported alien reenters the United States, the offense is ongoing until the government discovers the alien's illegal presence. See United States v. Ruiz-Gea, 340 F.3d 1181, 1189 (10th Cir. 2003) ("[T]he 'found in' offense is first committed at the time of the reentry and continues to the time when the defendant is arrested for the offense"); United States v. Santana-Castellano, 74 F.3d 593, 598 (5th Cir. 1996) ("[A] previously deported alien is 'found in' the United States when his physical presence is discovered and noted by the immigration authorities . . . ."). The statute governing venue for violations of Section 1326 states that venue is proper "at any place in the United States at which the violation may occur or at which the person charged with a violation . . . may be apprehended." 8 U.S.C. § 1329.

4

Here, the alleged offense of being "found in" the United States began when Defendant reentered the United States on June 9, 2003 near Tornillo, Texas, and continued until Border Patrol authorities at the checkpoint in the District of New Mexico discovered Defendant's illegal presence. Since the alleged "found in" offense was completed in the District of New Mexico, the violation "occurred" in the District of New Mexico for purposes of 8 U.S.C. § 1329. Moreover, the District of New Mexico is the place where Defendant was "apprehended" by Border Patrol authorities. Consequently, venue for this offense properly lies in the District of New Mexico. See 8 U.S.C. § 1329; see also United States v. Herrera-Ordones, 190 F.3d 504, 511 (7th Cir. 1999) (finding venue for "found in" offense was proper in the district in which defendant's illegal presence was discovered by immigration authorities).

Defendant argues that venue is improper in New Mexico because Defendant's offense of being "found in" the United States was completed in early 2000 when immigration authorities discovered Defendant's illegal presence in the Western District of Texas. Defendant is correct that this prior "found in" offense, which began when he reentered the United States subsequent to his September 19, 1999 deportation, was completed when immigration authorities placed an INS detainer on Defendant in the Western District of Texas in 2000. However, it is clear from the evidence that Defendant departed the United States at some point after the completion of this earlier "found in" offense, and subsequently reentered the United States on June 9, 2003. By reentering the United States in June of 2003, Defendant committed an entirely new "found in" violation under Section 1326 that is separate and distinct from the earlier "found in" offense that was completed in 2000. The instant case against Defendant concerns only the 2003 "found in" offense, not the prior 2000 "found in" offense. Defendant's 2003 "found in" offense was not

completed until Border Patrol authorities discovered Defendant in the District of New Mexico.

Defendant argues that his reentry in June of 2003 cannot constitute a new "found in" offense because he has not been deported since the earlier "found in" violation was completed in 2000. According to Defendant, the Government must take "some sort of affirmative act," such as deporting Defendant or reinstating the Warrant of Deportation against Defendant, before Defendant can be charged with another "found in" violation under Section 1326. Tr. at 33. As support for this argument, Defendant cites an inapposite Eighth Circuit opinion regarding the application of a sentencing guideline provision, not a violation of Section 1326. See United States v. Mendoza-Alvarez, 79 F.3d 96, 97 (8th Cir. 1996). The Eighth Circuit in Mendoza-Alvarez addressed the issue of whether U.S.S.G. § 2L1.2(b)(1), which requires an increase in a defendant's sentencing offense level "if the defendant previously was deported after a conviction for a felony," applies in a case where the government presented no proof that the defendant was ever deported after his felony conviction. Id. at 97. Since the government had offered no proof that the defendant "previously was deported after a conviction for a felony," the Court in Mendoza-Alvarez held that U.S.S.G. § 2L1.2(b)(1) did not apply.

The situation in this case presents an entirely different issue from the one raised in Mendoza-Alvarez. Here, Defendant does not contest the Government's proof that, following the issuance of a Warrant of Deportation, Defendant was deported in June of 1999, and that after reentering the United States several months later, Defendant again was deported on September 9, 1999. At the time of this second deportation, Defendant was issued an official Warning informing him that he was prohibited from reentering the United States for a period of twenty years. Thus, unlike the situation in Mendoza-Alvarez, the Government in this case has offered proof that

Defendant was "previously deported."

Contrary to Defendant's assertion, there is nothing in the language of Section 1326(a) that suggests a previously deported alien must be deported again after completing one "found in" offense before the Government can charge the alien with a subsequent "found in" violation. In order to prove that a defendant has committed a "found in" offense under Section 1326(a), the Government need only show that: 1) the defendant is an alien; 2) the defendant was arrested and deported; 3) the defendant thereafter voluntarily and knowingly reentered the United States and was found in the United States; 4) the defendant reentered the United States without the permission of the Attorney General. See United States v. Martinez-Morel, 118 F.3d 710, 713 (10th Cir. 1997); 8 U.S.C. § 1326(a).[3] Since Defendant still qualifies as a "previously deported alien" by virtue of his two deportations in 1999, the mere fact that Defendant has not been deported again since the completion of his "found in" offense in 2000 does not mean that Defendant cannot be prosecuted for his subsequent "found in" violation in 2003.

Since the undisputed evidence shows that Defendant completed the offense of being "found in" the United States in violation of 8 U.S.C. § 1326(a) in the District of New Mexico, and that Border Patrol authorities apprehended Defendant in the District of New Mexico, venue in the District of New Mexico is proper under 8 U.S.C. § 1329.

---

[3] In its Response, the Government construes Defendant's argument as being based on a theory of equitable estoppel. Plf. Resp. (Doc. No. 32) at 2-3 However, Defendant has not raised an estoppel argument in his motion, and furthermore, Counsel for Defendant expressly stated at trial that his argument is not based on a theory of estoppel. Tr. at 35. Accordingly, the Court has not considered Defendant's arguments under an equitable estoppel theory.

THEREFORE, it is ORDERED that Defendant's Objection to Venue in the District of New Mexico (Doc. No. 16) is OVERRULED, and Defendant's Motion to Dismiss for Want of Venue (Doc. No. 31) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE