# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　　　**NO. CR-03-1844 JP**

**JAIME HERNANDEZ-RAMIREZ,**

    **Defendant.**

## FINDINGS OF FACT AND CONCLUSIONS OF LAW AND ADJUDICATION OF GUILT

On January 5, 2004, Defendant Jaime Hernandez-Ramirez filed Defendant's Waiver of Jury Trial (Doc. No. 20). On January 8, 2004, after a hearing at which the Court determined that Defendant knowingly, voluntarily, and intelligently waived his right to a trial by jury, the Court issued an Order (Doc. No. 24) approving Defendant's Waiver of Jury Trial. On January 21, 2004, the Court held a non-jury trial. At trial, the Court heard the testimony of witnesses and oral arguments regarding Defendant's Motion to Dismiss for Want of Venue. By Memorandum Opinion and Order filed contemporaneously with these Findings of Fact and Conclusions of Law and Adjudication of Guilt, the Court denied Defendant's Motion to Dismiss for Want of Venue. Having fully considered the evidence presented at trial as well as the applicable statutes and case law, the Court makes the following Findings of Fact and Conclusions of Law and Adjudication of Guilt.

1

I.     **FINDINGS OF FACT**

Defendant Jaime Hernandez-Ramirez is a citizen and national of the Republic of Mexico. Tr. at 7; Plf. Ex. 1.  On June 24, 1999, an Immigration Judge determined that Defendant had illegally entered the United States, and consequently issued a Warrant of Deportation ordering Defendant to be deported to Mexico.[1]  Tr. at 15-16; Plf. Ex. 2, 3.  Defendant was deported on or about June 25, 1999.  Tr. at 17; Plf. Ex. 5.  On or about August 18, 1999, Defendant illegally reentered the United States near Fort Hancock, Texas, and was apprehended by Border Patrol authorities.  Tr. at 18; Plf. Ex. 6.  On or about September 9, 1999, Defendant again was deported to Mexico.  Tr. at 20; Plf. Ex. 9.

On or about June 9, 2003, Defendant reentered the United States on foot near the town of Tornillo, Texas.  Tr. at 7-9; Plf. Ex. 1.  On June 10, 2003, Defendant was apprehended when he attempted to pass through a Border Patrol checkpoint near Alamogordo, New Mexico, which is within the jurisdiction of the United States District Court for the District of New Mexico.  Tr. at 5-6.  After questioning Defendant about his citizenship status and processing Defendant's fingerprints, Border Patrol agents at the checkpoint determined that Defendant was a citizen of Mexico, and discovered that Defendant previously had been deported.  Tr. at 7, 12.  After Border Patrol agents confronted Defendant with this information, Defendant admitted in a sworn statement that he previously had been deported, and that he had reentered the United States.  Tr. at 7-13; Plf. Ex. 12.  On June 19, 2003, the INS determined that there was no evidence that Defendant had received permission to reenter the United States after having been deported.  Tr. at

---

[1] The June 24, 1999 Warrant of Deportation was issued against Jaime Riveras-Hernandez, which is an alias used by Defendant.  Tr. at 16.

20; Plf. Ex. 10.

Defendant subsequently was indicted in the District of New Mexico with one count of illegal reentry subsequent to a deportation in violation of 8 U.S.C. § 1326(a)(1) and (2).

## II. CONCLUSIONS OF LAW

Defendant is charged with being unlawfully "found in" Otero County in the State and District of New Mexico, after previously having been deported from the United States, in violation of 8 U.S.C. § 1326(a)(1) and (2). See Second Superseding Indictment (Doc. No. 23). Section 1326(a) prohibits the re-entry of "any alien who . . . has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding" without the express consent of the United States Attorney General. See 8 U.S.C. § 1326(a)(1). A previously deported alien can violate Section 1326(a) in one of three ways: 1) the alien attempts to enter the United States; 2) the alien enters the Untied States; or 3) the alien is at any time found in the United States. See United States v. Bencomo-Castillo, 176 F.3d 1300, 1303 (10th Cir. 1999); 8 U.S.C. § 1326(a)(2).

In order to prove that a defendant has committed a "found in" offense under Section 1326(a), the Government must prove the following four elements beyond a reasonable doubt: 1) the defendant is an alien; 2) who was arrested and deported; 3) and thereafter voluntarily and knowingly reentered the United States and was found in the United States; 4) and the defendant reentered the United States without the permission of the Attorney General. See United States v. Martinez-Morel, 118 F.3d 710, 713 (10th Cir. 1997); 8 U.S.C. § 1326(a).

Here, the Government has proven beyond a reasonable doubt that Defendant is guilty of the offense of being "found in" the United States in violation of 8 U.S.C. § 1326(a)(1) and (2).

3

The uncontested evidence clearly shows that: 1) Defendant is an alien; 2) who was arrested and previously deported on two prior occasions in 1999; 3) and thereafter voluntarily and knowingly reentered the United States and was found in the United States by Border Patrol agents at a checkpoint in the District of New Mexico in June of 2003; 4) and Defendant reentered the United States without the permission of the Attorney General.

THEREFORE, it is ADJUDGED that Defendant JAIME HERNANDEZ-RAMIREZ is GUILTY as charged in the Second Superseding Indictment.

_____
SENIOR UNITED STATES DISTRICT JUDGE